Williams v. Bass.

---

DUDLEY WILLIAMS v. ZIBA BASS.

The plaintiff, to prove his title to land, offered in evidence an office copy of a deed in his chain of title, which contained no appearance upon its face, that the original deed was sealed by the grantor, and it did not appear, that possession of the land had ever been taken under the deed. *Held,* that the copy was not competent evidence.

The antiquity, alone, of a deed, apparently defective, is not sufficient to justify the presumption of its due execution.

Neither can such presumption be raised from the fact, that the deed was acknowledged and recorded,—the record showing only an imperfect deed.

TRESPASS *de bonis asportatis* for taking certain logs from land of the plaintiff in Braintree. Plea, the general issue, and trial by jury, May Term, 1849,—KELLOGG, J., presiding.

On trial the plaintiff, to prove his title to the land in question, offered in evidence, among other testimony, a copy from the office of the town clerk of Braintree, of a deed from Elijah French to Ezra Weld, dated February 3, 1795, purporting to convey the same land. The deed contained a condition, that it was to become void, upon the payment of a specified sum of money by the grantor to the

grantee, within three years and six months from the date of the deed. There was no mark, or writing, against the name of the grantor, upon this copy, to indicate that the original deed was sealed by him. The *testimonium* clause was in these words,—" In witness whereof I hereunto set my hand and seal, this third day of February, A. D. 1795." The certificate of acknowledgment was in these words,—" Personally appeared the within named Elijah French and acknowledged the within written instrument, by him subscribed, to be his free act and deed," &c. From the certificate of the town clerk it appeared, that the deed was received by him and recorded February 16, 1795. There was no evidence, that the plaintiff, or those under whom he claimed, had ever been in the actual possession of the premises. The defendant objected to the admission of this deed, for the reason that it did not appear to have been sealed, and that it did not appear, that the condition of defeasance had not been performed; but the objection was overruled by the court, and the evidence admitted.

Many other questions were raised in the course of the trial, and were argued by the counsel in the supreme court; but as they were not decided by the court, they need not be stated. Verdict for plaintiff. Exceptions by defendant.

*Washburn & Marsh* for defendant.

The deed from French to Weld was inadmissible to support the chain of title. No presumptions can be made in its favor, such as pertain to *ancient deeds*, when it is not pretended, that the plaintiff ever had any possession of the land conveyed by it. 1 Stark. Ev. 65. 1 Phil. Ev. 477. 3 Ib., Cow. & H. Notes, 1310. 3 Johns. 292. 9 Ib. 170. This being a deed of mortgage only, and to become void on the payment of a certain sum, and the plaintiff never having been in possession of the land, if the court are to presume any thing, they will presume, that the condition of defeasance was duly performed, or they will require the plaintiff to produce the original deed, or some evidence, tending to satisfy the court, that the condition had not been performed. Cases are found, where deeds have been given in evidence, without proof of their execution, after a lapse of thirty years; but in such cases the original deeds were produced, and were found among the title papers of the owners. 7 Wend. 371.

---

Williams *v.* Bass.

---

*Tracy & Converse* for plaintiff.

It is by no means certain, that the deed from French to Weld had no seal. The acknowledgment and record are evidence of due execution. *Williams* v. *Wetherbee*, 2 Aik. 329. 1 Stark. Ev. 343. The seal cannot be recorded ; and there is no necessity, that the copy should contain the seal, or any representation of one. The deed purports to have been signed, sealed and delivered, and, after this lapse of time, it is to be presumed, that it was duly executed. *Mayor &c. of Beverly* v. *Craven*, cited in 1 Greenl. Ev. 174, note. Every intendment is to be made in favor of its due execution. *Stevens, Adm'r,* v. *Griffith et al.*, 3 Vt. 448. This was merely a conditional deed ; the whole contract was contained in the deed ; and if the deed is to be avoided, on the ground that the condition has been performed, the defendant must prove the performance, precisely as much as though a note had been given for the sum named in the condition and that note produced by plaintiff. *Hull* v. *Fuller*, 7 Vt. 106.

The opinion of the court was delivered by

KELLOGG, J. This was an action of trespass for taking and carrying away certain mill logs from the plaintiff's land in Braintree. The plaintiff, to prove his title to the premises, gave in evidence, under objections, an office copy of a deed from Elijah French to Ezra Weld, dated February 3, 1795. To the admission of this deed two objections are urged ;—1. That the copy contained nothing indicating that the original was sealed ;—2. That the deed was conditional, and subject to be defeated upon the payment of a sum therein specified, and there being no evidence in the case tending to show that the condition had not been performed.

It is insisted by the plaintiff, that the court, in favor of a deed so ancient, should presume, that the original was duly sealed, and that the seal was accidentally removed, or that the town clerk, in recording the deed, had inadvertently omitted to indicate upon the record, that the deed was sealed. This is ordinarily indicated by a scroll ; but no such representation appears upon the copy. There are cases, unquestionably, where presumptions of this character may be raised, —cases where even grants and the surrender of grants are presumed ; but these are ordinarily made in favor of long continued

possession, and for the purpose of quieting that possession. And to justify these presumptions in aid of ancient possessions, it is not necessary, that the triers should believe, that any such fact ever existed, as is supposed. It is what is termed in the books a *conclusive presumption of law.* But in the present case neither the plaintiff, nor any of those under whom he claims title, were ever in the *actual* possession of the premises, and the inquiry arises, do the facts in the case warrant the presumption, that the original deed was properly sealed? For it is quite clear, that without either *actual* or *presumptive* proof, that such was the fact, the deed of French conveyed no title. The seal being wanting, the deed was not conformable to the statute.

The case of the *Mayor of Beverly* v. *Craven*, 2 M. & R. 140, is cited as an authority to justify the presumption. We are not furnished with the case, but have only been able to refer to a brief note of it, given by Mr. Greenleaf in his treatise on evidence. It however appears, that the question arose upon an ancient document, purporting to be an exemplification, produced from the proper place of deposit, having the usual slip of parchment, to which the great seal is usually appended, but no appearance, that any seal was ever affixed to this; and it was held, that it was to be presumed, that the seal was once there and had been accidentally removed. Whether there were other circumstances in the case, to corroborate the presumption, we are not advised. It will be remarked, that in that case the *original* document was produced; and in that respect it differs from the case at bar, in which a *copy* is offered. I have not been able to find any other case, which goes to the same extent. Had the deed of French been followed by possession, it would seem from the authorities, there could be no doubt, but the presumption of its due execution would be fully warranted. It has sometimes been supposed, that *possession* was *indispensably* necessary to warrant the presumption; but at the present time the balance of authority seems to be the other way; 1 Greenl. Ev., sec. 144, and note; and that the presumption may be raised, when sufficiently corroborated by other circumstances. Is there any thing in the case at bar to aid the presumption? Neither the grantee of French or those claiming under him were ever in the actual possession of the land. Nor is there any evidence in the case, upon which to base the pre-

sumption, that the deed contained a seal, but its antiquity ; and this, we think, the current of authority upon that subject will hardly justify.

It is said, that the *acknowledgment* and *record* are evidence of the due execution of the deed; and *Williams* v. *Wetherbee,* 2 Aik. 329, is cited, as supporting this principle. That case decides, that the record of a deed to a third person, and not to the party, is *prima facie* evidence of the due execution of the deed and its contents ; but by this is to be understood a *perfect record,* as is said by the court in *Ex'r of Booge* v. *Parsons et al.,* 2 Vt. 458. In that case there was no attestation of the recording officer upon the record ; but the book of records was produced and the particular record was shown to be in the hand writing of the then town clerk,—a circumstance tending to corroborate the presumption, that the deed was properly recorded. It was held, that the attestation of the recording officer was evidence of the record, but not a part of it, but that it was not the only evidence, which could be received to support the record.

In the case under consideration, the court would by no means intimate, that the omission of the scroll upon the record is conclusive against the validity of the deed. It may be satisfactorily explained, so as to raise a presumption of its due execution. At present, however, no such explanation appears.

From these remarks it will be seen, that the judgment of the court below must be reversed; and consequently it becomes unnecessary to pass upon the remaining questions in the case.

Judgment of the county court reversed.