| 96 429 |
| 116 505 |

## McCoy, *Appellant,* v. Cassidy.

Sheriff's Deed : SEAL : PRESUMPTION. Where the record copy of a sheriff's deed does not show a seal, the presumption will be indulged that the original deed was sealed, when it is so stated in the copy of the deed.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*Henry N. Ess* and *Lipscomb & Rust* for appellant.

(1) The record of the paper purporting to be a sheriff's deed, dated December 13, 1865, showed no seal and none will be presumed to the original paper. *Hamilton v. Boggess,* 63 Mo. 233 ; *Switzer v. Knapp,* 10 Iowa,

72; *Williams v. Bass*, 22 Vt. 354; *Shepherd v. Burkhalter*, 13 Ga. 443; *Frost v. Beckham*, 1 Johns. Ch. 300; *Griffin v. Sheffield*, 38 Miss. 359; *Heddon v. Overton*, 4 Bibb, 406; *Sneed v. Ward*, 5 Dana, 187. (2) The original paper not having had a seal, and being a defective execution of a statutory power, was absolutely void, improperly on this record, and did not amount to constructive notice of anything. *Ware v. Johnson*, 66 Mo. 667; *Shepherd v. Burkhalter*, 13 Ga. 443.

*C. O. Tichenor* for respondent.

The law made it obligatory on the sheriff to sign, seal and deliver a deed to the purchaser, and it will be presumed he did so. *Long v. Joplin M. & S. Co.*, 68 Mo. 431; *Hammond v. Gordon*, 93 Mo. 223.

NORTON, C. J.—This is an ejectment suit to recover possession of lots 23 and 24, block 38, in Turner & Company's addition to Kansas City. On the trial, judgment was rendered for defendant from which the plaintiff has appealed.

Both parties claim through Samuel H. Woodson as the common source of title. Plaintiff, in support of his title, put in evidence a deed of said Woodson dated July 27, 1863, conveying the premises in dispute to John C. McCoy; and also a quit-claim deed dated May 18, 1866, executed by said John C. McCoy conveying the premises to John McCoy the plaintiff.

Defendant put in evidence the copy of a deed as recorded in the recorder's office of Jackson county on the twenty-sixth of December, 1865. This deed was signed by the sheriff of Jackson county and recites that, by virtue of an execution which issued on a judgment rendered on the thirteenth of December, 1860, by the probate and common pleas courts of Jackson county against Samuel H. Woodson, he did expose to sale the real estate of said Woodson therein described (including

the lots in dispute) and that M. J. Woodson, being the highest bidder, the same was sold to her for the price bid.    The copy of this deed did not show that any seal was affixed thereto by the sheriff.    The last clause in the deed as copied is as follows :

"In witness whereof, I, Henry H. Williams, sheriff of the county of Jackson, have hereunto set my hand and affixed my seal, this thirteenth day of December, 1865.   Henry H. Williams, sheriff."

The certificate of acknowledgment as copied is as follows :

"State of Missouri, County of Jackson—ss.—Be it remembered that, on this fourteenth day of December, 1865, Henry H. Williams, sheriff of Jackson county, who is personally known to the court to be the same person whose name is subscribed to the foregoing deed, personally appeared in open court and acknowledged the foregoing instrument and writing to be his act and deed.    Witness, William T. Ransom, clerk of the circuit court, with the seal thereof hereto affixed, and *ex-officio* clerk, of the common pleas business of the probate and common pleas court, within and for the county aforesaid, at office in Independence, this fourteenth day of December, 1865.    W. C. Ransom, clerk. By N. E. Moore, deputy."

An original deed made by the said sheriff dated the ninth of October, 1879, was then put in evidence containing substantially the same recitals contained in the copy offered in evidence, and differing from the copy in showing that it had the word "(seal)" attached to the sheriff's signature.

S. H. Woodson owned the land in controversy in 1860, when the judgment was rendered against him by the probate and common pleas court of Jackson county, and under which the sheriff sold it.    The lien of a judgment as the law was when said judgment was rendered, continued for five years and as the levy upon and sale of the premises was made during the continuance of said

lien her title will prevail over that of plaintiff, provided that the presumption can be indulged that the original deed had a seal attached, notwithstanding the fact that the copy of it as recorded and in evidence does not show that any seal was attached thereto.

It is held in the following cases that when a certificate of acknowledgment to a deed, taken by an officer having an official seal, is copied by the recorder of deeds, and the copy does not show that a seal was attached to the certificate, the court will presume that the original certificate had the seal attached provided it is stated in the body of the certificate as copied, that the officer taking the acknowledgment affixed his seal. *Geary v. City of Kansas*, 61 Mo. 379; *Norfleet v. Russel*, 64 Mo. 177; *Parkinson v. Caplinger*, 65 Mo. 290; *Addis v. Graham*, 88 Mo. 199; *Hammond v. Gordon*, 93 Mo. 223. In the last case cited, it is said that "presumptions are constantly made in support of official acts of public officers." An instance where such presumption is indulged is found in the case of *Long v. Joplin Mining & Smelting Co.*, 68 Mo. 431, in which it is said: "The delivery of the deed may be presumed because Clisby Robinson, being public administrator, it was his obvious duty, on receiving the purchase money for the land, to have, as a concurrent act, delivered to the purchaser the necessary conveyance; the presumption at once arises that he did not omit the performance of such a plain official duty."

The official seal of a clerk of a court of record, who takes an acknowledgment of a deed, is as necessary to the perfection of his certificate, as is the seal of a sheriff to the perfection of a deed made by him, and if in case the record copy of such certificate does not show a seal, the presumption can be indulged (as held in the case above cited), that the seal was affixed to the original certificate, what reason can possibly be urged for not holding, that when the record copy of the sheriff's deed

McCoy v. Cassidy.

does not show a seal, the presumption can be indulged that the original deed was sealed, when it is so stated in the copy of the deed? The reasons for indulging such a presumption with reference to a sheriff's deed, are more cogent than those with reference to the certificate of acknowledgment taken by a notary or clerk of a court of record. The law imposes upon a sheriff, who as such makes a sale of land under execution, upon receipt of the purchase money, to make a deed to the purchaser, and also the further duty of acknowledging it before the court. It is a conveyance signed and sealed, which he is required to produce in court and acknowledge. The deed in question as copied closes as follows: "In witness whereof, I, Henry H. Williams, sheriff of the county of Jackson, have hereunto set my hand and affixed my official seal, this thirteenth day of December, 1865. Henry H. Williams, sheriff."

The certificate of the clerk under his seal is as follows: "That on the fourteenth of December, 1865, Henry H. Williams, sheriff of Jackson county, who is personally known to the court to be the same person whose name is subscribed to the foregoing deed, personally appeared in open court and acknowledged the foregoing instrument and writing to be his act and deed."

It may well be presumed that the court, before which the acknowledgment was taken, if so essential a matter as a seal had been omitted by the sheriff, would not permit the sheriff to acknowledge it until he had supplied the defect and thus made the instrument a deed, the very and only thing of which the court was required to take an acknowledgment. As is said in the case of *Crowley v. Wallace*, 12 Mo. at p. 149: "The whole transaction of the sale, deed, acknowledgment and recording is confided to a set of public officers," and such a deed is not like an ordinary conveyance.

We have been cited by plaintiff's counsel to a line of cases which hold that no such presumption as to a

seal will be indulged with reference to private deeds, of which the cases of *Williams v. Bass*, 22 Vt. 352 and *Switzler v. Knapp*, 10 Iowa, 75, are examples, and we have also been cited by defendant's counsel to a line of cases which, with reference to private deeds, hold the other way, of which the cases of *LeFranc v. Richmond*, 5 Saw. 603 ; *Smith v. Dall*, 13 Cal. 510, are types.   But no such question as is discussed in these cases is before us and need not therefore be considered, except the case of *Hamilton v. Boggess*, 63 Mo. 233, where it is said a sheriff's deed without a seal is void ;  and where it is further said, without the subject being discussed, that the copy of a sheriff's deed as recorded which does not show a seal cannot be received in evidence.   The learned counsel for defendant have not cited us to an authority where it is held, that when the copy of a sheriff's deed which states in the attestation clause, that the sheriff affixed his name and seal, that it could not be presumed that the original was sealed ; on the contrary in the case of *Flowery Mining Co. v. Mining Co.*, 16 Nev. 302, it is expressly held that in case of a sheriff's deed such presumption can be indulged.   What is said in the case of *Hamilton v. Boggess, supra,* in reference to the inadmissibility of a sheriff's deed, when the copy, though not showing a seal, states that the sheriff did sign and affix his seal, is overruled.

The judgment is affirmed with the concurrence of SHERWOOD and BRACE, JJ.; BLACK, J., not sitting, RAY, J., absent.