MARY ANN GREEN, *Plaintiff in Error*, v. EMMA CAMP, *Defendant in Error*.

EJECTMENT—ABSTRACTS OF TITLE AS EVIDENCE—RECORD OF SEAL TO DEED—LIMITATION.

1. The provisions of section 1529 and 1530 of the General Statutes of 1906, making abstracts of title evidence in case of the destruction of the records, where the parties cannot produce the original documents or certified copies thereof, being a *dernier resort* in the establishment of titles lost and destroyed, should be liberally construed, and a substantial compliance with the requisites thereof held to be sufficient.

2. Abstracts of title, where they are made evidence, being more meagre in their exhibits than would be shown by full copies or the originals, a greater presumption has necessarily to be indulged from what they do exhibit. Where an abstract of title introduced in evidence shows that there was of record a deed from S. as special master in chancery in a foreclosure proceeding to C. that such deed conveyed the property in question, that it was attested in the presence of two subscribing witnesses, and duly acknowledged for record, but that the record thereof exhibited no seal, the presumption must be indulged that this attestation was in the usual form,

*i. e.* that such deed was "signed, sealed and delivered in the presence of" such subscribing witnesses, and from such attestation clause, the further presumption must be indulged that the original deed did have a seal, though the record thereof did not exhibit a seal.

3. At the time this cause of action accrued to the plaintiff against this defendant the statute of limitations then in force —chapter 4412, Laws of 1895—did not bar such action against a party without color of title until after twenty years adverse possession, and where the defendant did not show any color of title, and such period of limitation had not run, and the plaintiff showed title in herself by a regular chain of title from predecessors in title and possession, the court correctly gave a peremptory charge to the jury to return a verdict for the plaintiff.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Chas. B. Peeler,* for Plaintiff in Error;

*Axtell & Rinehart,* for Defendant in Error.

TAYLOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the circuit court of Duval county in an action of ejectment for recovery of the possession of a portion of block sixty-five (65) in East Jacksonville. There was verdict and judgment for the plaintiff below, and the defendant below brings the same here for review by writ of error.

At the trial the plaintiff after proving that she did not

have in her custody or control the originals of various deeds, mortgages, decrees of foreclosure, and masters' deeds under such foreclosure sales forming her chain of title to the property in dispute, and that she had no certified copies of same, and that the public records of said county had been destroyed by fire on May 3rd, 1901, and that the records of all such documents had been destroyed in such fire, offered in evidence, and the court admitted them in evidence over divers objections by the defendant, sworn copies of abstracts of such titles made by the Florida Abstract and Title Security Company, a corporation that makes and keeps abstracts of titles in said county for sale, which abstracts were taken and made from such records before their destruction by fire.

Sections 1529 and 1530 of our General Statutes of 1906, provide as follows:

"1529.   Abstract of title as evidence.—Whenever in the trial of any suit, or in any proceeding in any court of this State it shall be made to appear that the original of any deed or other instrument of writing, or of any record of any court relating to any land, the title thereof or any interest therein being in controversy in such suit or proceeding, is lost or destroyed, or not within the power of the party to produce the same, and that the record thereof has been heretofore destroyed by fire, and that no certified copy of such record is in the possession or control of such party, it shall be lawful for such party, and the court shall receive as evidence, any abstract of title, or letter press copy thereof made in the ordinary course of business prior to such loss or destruction; and it shall also be lawful for any such party to offer, and the court shall receive as evidence, any copy, extract or minutes from such destroyed records, or from the original thereof, which were at the date of such destruction in

the possession of any person or persons then engaged in the business of making abstracts of titles for others for hire.

1530.  Sworn copy, evidence.—A sworn copy of any writing admissible under the above section made by the person or persons having possession of such writing, shall be admissible in evidence;  Provided, The party desiring to use such sworn copy, as aforesaid, shall have given the opposite party a reasonable opportunity to verify the correctness of such copy:  And Provided, That no abstract of title or letter press copy thereof, extract or minutes or copy made admissible in evidence by this section, shall be so admitted by virtue hereof unless a copy thereof shall have been served on the opposite party, or his attorney or counsel, at least ten days before the same is offered in evidence.  Nothing herein shall be construed to prevent the impeachment of such evidence, or its exclusion by the court for good and sufficient cause."

The provisions of these two sections seem from the record before us to have been substantially complied with, and inasmuch as the evidence provided for by this legislation is a *dernier resort* in the establishment of titles lost and destroyed, we think their provisions should be liberally construed, and a substantial compliance with the requisites thereof held to be sufficient.  It appears that the plaintiff here had served the defendant with copies of such abstracts with notice that she would offer such abstracts in evidence in compliance with the above section, 1530, and the prerequisite foundation having been proven in substantial compliance with the provisions of said statute the court correctly admitted said abstracts in evidence as proofs of the plaintiff's title.

In the abstract entries of a master's deed under foreclosure of mortgage made by one C. H. Summers as spe-

cial master to C. H. Camp the husband of the plaintiff from whom she derived title by devise in his will, such abstract of such deed, among other entries states that it was "Executed No Seal." This abstract was objected to on the ground, among others, that it showed on its face that the deed of which it was an abstract was without seal, and was therefore void as a conveyance of real estate. It must be remembered that these abstracts of title were not made and taken from the original deeds and conveyances, but were made and taken from the record in office of the clerk of the circuit court, and they exhibit only such matters as were shown by such records. The real objection then to this abstract from the public records is not that the original deed had no seal, but that the record thereof did not exhibit a seal.

In the case of LeFranc v. Richmond, 5 Sawyer (U. S. Cir. Ct. Rep.), 601, Mr. Justice FIELD, delivering the opinion of the court, says: "A conveyance of real property in California in 1864 could only be made by deed. and that imports an instrument under seal; but as the statute then in existence; in providing for the record of deeds, did not require any note or entry by the recorder of the existence of a seal to the original, and yet made copies from the records admissible with the like effect as the original, when the latter were beyond the possession and control of the party, the existence of the seal to the original will be presumed from the statement in the concluding clause in the instrument that the grantor affixed thereto his seal, and from the attestation clause that the instrument was sealed in the presence of the witnesses. McCoy v. Cassidy, 96 Mo., 429, 9 S. W. Rep., 926; Macey v. Stark, 116 Mo., 481, 21 S. W. Rep., 1088; Smith v. Dall, 13 Cal., 510; Summer v. Mitchell, 29 Fla., 179, 10 South. Rep., 562; East Coast Lumber Co. v. Ellis-Young Co., 55

Fla., 256, 45 South. Rep., 826. These abstracts of title being more meagre in their exhibits than would be shown by full copies, where they are made evidence by law a greater presumption has necessarily to be indulged from what they do exhibit, the abstract here under discussion shows that there was a *"deed"* from C. H. Summers acting as a special master of the court of equity under a decree of foreclosure of mortgage to C. H. Camp, and it shows that such "deed" was attested in the presence of two witnesses, and duly acknowledged for record; from this attestation clause, presuming it to have been in the usual form, we must presume that the original deed had a seal though the record thereof did not exhibit a seal. The court below committed no error in admitting such abstract. The plaintiff below offered in evidence a sworn copy from the same abstract of title company of an abstract of a decree or order of the court of equity of Duval county confirming the sale to C. H. Camp under the decree of foreclosure, and awarding a deficiency decree, but in such abstract the title of the cause in which such decree of confirmation is made is simply: "C. H. Camp v. J. C. Greely," whereas the foreclosure decree under which said sale was made was C. H. Camp v. J. C. Greely et al.," and this abstract was admitted over the defendant's objection that the decree of confirmation of sale was in a different case, according to such abstract entry thereof, than the case in which the sale under foreclosure decree was had, an assignment of error is predicated on this ruling. There was no error here. The abstract offered and admitted in evidence shows the principal parties complainant and defendant in such foreclosure suit to have been parties in such decree of confirmation, and besides this it expressly confirms the sale to C. H. Camp by name, and awards to him a deficiency decree, and taken in connection with the

decree in the foreclosure suit under which such sale was made, and with the masters deed thereunder to C. H. Camp, there can be no doubt that the decree of confirmation was of that foreclosure sale and of none other.

The next assignment of error complains of the peremptory instruction by the court to the jury to render a verdict for the plaintiff. There was no error here. The undisputed evidence in the case traces the title back by continuous chain to one Toncy Smith who was shown to have been in possession and to have resided for about ten years prior to 1888 under a deed made to him in 1884; that Smith's title passed in 1888 to J. C. Greeley under foreclosure sale of mortgage made by Smith, and that Greeley went into immediate possession and thereafter rented the property to the defendant who paid him rent for it until about 1893. On the other hand for the defendant it was not shown that she had any color of title to the property, that she went into possession of it as a tenant of J. C. Greeley, and that she had not paid any rents for it since July 7th, 1897.

At the time that this cause of action accrued to the plaintiff against this defendant the statute of limitation then in force did not bar such action against a party without color of title until after twenty years adverse possession—Chapter 4412, Laws of 1895—so that the defendant had not acquired any title by adverse holding as against this plaintiff, at the time of the institution of this suit and there was nothing left for the court to properly do, but instruct a recovery for the plaintiff.

Finding no error, the judgment of the court below in said cause is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.