MARY LOUISE ADAMS v. ORANGE REALTY SALES, INC.

187 So. 625.
Opinion Filed March 24, 1939.

*George P. Garrett,* for Plaintiff in .Error;

*Hope Strong* and *C. P. Dickinson,* for Defendant in Error;

*Herschel O. Moats,* as *amicus curiae.*

PER CURIAM.—This case is before us on rehearing after mandate recalled, pursuant to our opinion filed October 6, 1938.

Upon further consideration we recede from what was said in that opinion as follows:

"The power of attorney from David D. Cady to Hal D. Cady was not under seal and, therefore, the purported power of attorney was insufficient and ineffectual to authorize the conveyance of the title from David D. Cady to Robert T. Huges. So this left the record showing paramount title in David D. Cady.

"Plaintiff did not proceed, as by paragraph (b) of Rule 85, *supra,* is required, to test the legal sufficiency of the power of attorney (an instrument duly shown in defendant's deraignment of the chain of title), but instead proceeded to trial and successfully contested the introduction of the deed executed by the purported attorney in fact. This left the title as deraigned in the bill of particulars resting in David D. Cady with possession under color of title in the defendant.

"The trial court found that the paramount record title rested in David D. Cady, a third party, and rendered verdict and judgment in favor of defendant.", because we overlooked and failed to consider the rule of law enunciated in

Sumner v. Mitchell, 29 Fla. 179, 10 Sou. 562, and cases there cited, to the effect that it is to be presumed from the words:

"In witness whereof I have hereunto set my hand and seal," appearing in a certified copy of the record of a conveyance, that the original conveyance had affixed thereto the seal of the grantor and that the omission of the seal from the record was an error of the recording officer and that in the absence of the original instrument, by reason of its loss or destruction, or some other affirmative proof that the original instrument did not bear the seal of the grantor, the presumption of its having been affixed will prevail. See also 18 C. J. 410, Sec. 485; Green v. Camp, 61 Fla. 256, 54 Sou. 363.

It, therefore, follows that the lower court was in error in holding affirmatively that the legal title once vested in David D. Cady did not pass by the deed attempted to be executed for him by Hal D. Cady as attorney in fact. This, however, does not change the ultimate result because, without reliance on this point, the judgment should be affirmed.

We, therefore, re-affirmed our judgment, *supra.*

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating, as this case was submitted before he became a member of the Court.