132 So.2d 799 (1961)
George A. BITTNER and Margaret W. Bittner, his wife, Appellants,
v.
Irene WALSH, Appellee.
No. B-314.
District Court of Appeal of Florida. First District.
September 7, 1961.
Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellants.
J. Quinton Rumph, Jacksonville, for appellee.
CARROLL, DONALD K., Chief Judge.
The plaintiffs in an action of ejectment tried without a jury have appealed from an adverse final judgment rendered against them by the Circuit Court for Nassau County.
*800 The only two points argued by the appellants on this appeal are whether the trial court erred in refusing to grant their oral request for a trial by jury when the cause was called up for trial and whether the trial court erred in finding that the plaintiffs failed to prove their case by a preponderance of the evidence.
As to the first point, the record shows that, when the trial began, a full venire of prospective jurors was present in the court-room. After the court directed the clerk to call a panel of jurors to the jury box, the defendant objected on the ground that no demand for a trial by jury had been made in the amended complaint or within ten days after the filing of the last pleading. The plaintiff orally requested that the trial be by jury. This request was denied and the defendants' objection was sustained. The venire was dismissed and the cause was tried by the court without a jury. The trial court stated the following as its reasons for ruling that the trial should be without a jury:
"* * * I think it might be unfair to the defendant to have a jury trial at this time, because they came prepared to take evidence and present it to the Court and did not employ any local counsel to assist them in the preparation of the case, therefore, I am proceeding according to the rule and also this case in [Shores v. Murphy, Fla.] 88 So.2d 294 in the exercise of my discretion, and I rule that we will not have a jury trial in this case and I will try it myself."
Rule 2.1 of the Florida Rules of Civil Procedure, 31 F.S.A., provides for the right of and demand for trial by jury and the waiver of such right, and reads in the pertinent parts as follows:
"(a) Right Preserved. The right of trial by jury as declared by the Constitution or by statue shall be preserved to the parties inviolate.
"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury, by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party. * * *
"(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by these rules shall constitute a waiver by him of trial by jury. If waived, a jury trial may not be granted without the consent of the parties. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."
It is admitted that the plaintiffs in the instant case failed to serve upon the defendant a demand in writing for trial by jury at any time after the commencement of the action and not later than ten days after the service of the last pleading. The only request by the plaintiffs for a trial by jury was the oral request at the beginning of the trial in the present case, as stated before.
The Supreme Court of Florida in several cases has had occasion to discuss the meaning and purpose of the above-quoted rule. One of these cases is the case referred to by the trial court in its statement quoted above  Shores v. Murphy, Fla. 1956, 88 So.2d 294, 296, in which Mr. Justice Thornal, speaking for the Supreme Court, said:
"* * * Instead of limiting and restricting the sound discretion of the trial judge, the purpose of the New Rules was to liberate the trial courts from many of the hard and fast technical procedural restrictions of the common law. * * * Although we do not have a Florida Rule similar to Federal Rule 39, it should be noted that under Florida Rule 1.15(e) a trial judge is granted an exceedingly broad discretion in permitting amendments in *801 procedural matters and otherwise disregarding defects which do not affect the substantial rights of the parties. This would include the discretion to order a jury trial if justice requires it. * * * We therefore hold that Rule 21 of the Florida Rules of Civil Procedure is constitutional and that by failing to comply with it, the parties to a cause may waive the privilege of a jury trial as a matter of right. Nevertheless, when this Rule is considered in the light of the other Rules of Civil Procedure, as well as the recognized power of the trial judge to direct the course of the trial in a manner consistent with the requirements of justice, so long as he exercises his discretion within the orbit of applicable rules and statutes, we further hold that under appropriate circumstances, the trial judge still may exercise a sound judicial discretion in ordering a trial by jury subject to the limitation that the discretion must not be abused to the injury of the parties-litigant. No abuse is here shown."
In the earlier case of Fountain of Youth Broadcasting Co. v. Church, Fla. 1951, 51 So.2d 728, 729, the Supreme Court thus discussed the purpose of Rule 31 of the Florida Common Law Rules, which Rule is comparable to the present Rule 2.1 of the Florida Rules of Civil Procedure quoted above:
"The obvious purpose of Rule 31, Florida Common Law Rules, 30 F.S.A., is to clear congested dockets and not to deny a jury trial where such denial might work injustice to either of the parties. As is stated in Messana v. Maule Industries, Inc., Fla., 50 So.2d 874, 876: `In promulgating the rule there was no purpose to deprive anyone of a jury trial, even if possible. In fact, there was no intent to coerce a litigant to relinquish his right to trial by jury. When the right is claimed the court has no alternative. If the claim comes after the time specified in the rule, the usual discretion is allowed the trial court in the matter.'"
It is clear from these two decisions of our Supreme Court that the determination as to whether to order a trial by jury or a trial without a jury under the circumstances prevailing here was a matter for the judicial discretion of the trial court. The appellants on this appeal have the burden of demonstrating from the record that the trial court abused its discretion in ordering a trial without a jury, and we think that the appellants have failed so to demonstrate.
As to their second point on this appeal, the appellants point out that the principal issue at the trial was the location of the section line dividing Sections 30 and 19, Township 4 North, Range 24 East, and that four land surveyors testified at the trial concerning that location. The four surveyors testified to at least three different locations for the section line. The appellants contend that this testimony was conflicting and that the manifest weight of the evidence was in favor of their position at the trial. We certainly agree with the view that the testimony of the surveyors at the trial was uncertain and unsatisfactory so far as its leading to an irresistible factual conclusion is concerned. That is, however, why it is necessary under our court system to have a trier of the facts determine factual issues at a trial, whether that trier be a jury or a trial court sitting as the jury in a case such as this when the trial court was authorized to try the case without a jury. In its verdict and judgment the trial court has resolved the conflicting evidence and we are not authorized to substitute our findings of fact for its findings. We hold that there was sufficient competent substantial evidence at the trial from which the trial court, sitting as the trier of the facts, could have lawfully concluded in its verdict as it did, and so this court is without authority to disturb that verdict.
The fundamental rule in actions of ejectment is applicable here that the plaintiff must recover on the strength of his own *802 title and not on the weakness of the defendant's title or even the lack of record title of the defendant in possession. Alford v. Sinclair, Fla. 1951, 55 So.2d 727. Adams v. Orange Realty Sales, 1938, 134 Fla. 175, 183 So. 621; 136 Fla. 844, 187 So. 625.
No error having been made to appear on this appeal, the final judgment appealed from must be and it is affirmed.
Affirmed.
STURGIS and WIGGINTON, JJ., concur.