HENRY M. SNOW AND JOHN G. LONG, APPELLANTS, VS. LAKE'S ADMINISTRATOR, APPELLEE.

1. A grantee in a quit claim deed, or deed of release, occupies the same position in respect to an unrecorded prior deed or mortgage as did his grantor. He is not a *bona fide* purchaser without notice within the meaning of the recording acts.

2. A mortgage though unrecorded is good as between the parties thereto ; and an assignee or releasee by quit claim of the mortgagor's interest is not allowed to invoke the aid of the registry laws to avoid a prior mortgage.

Appeal from the Circuit Court for St. Johns county.

The intestate, Chas. O. Lake, died after the commencement of the suit, and Walter Lyon was appointed administrator of his estate, and made party complainant.

The other facts of the case are stated in the opinion.

*C. M. Cooper* for Appellants.

*Fleming & Daniel* and *J. C. Marcy* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Charles O. Lake commenced a suit to foreclose a mortgage executed to him by Snow in 1874, upon a lot in St. Augustine, to secure the payment of $1,500, as evidenced by

several promissory notes executed by Snow to Lake. The mortgage was executed in due form by signing, sealing, witnessing, acknowledgement and delivery, and left for record in the clerk's office, and duly recorded, according to the clerk's certificate on the original mortgage.

In February, 1881, as appears by the answer of Long and by the testimony, Snow and wife conveyed the mortgaged property to Long by deed of "release and quit claim" of "all the estate, right, title, interest, separate estate, dower and right of dower, property, possession, claim and demand whatsoever, as well in law as in equity of the said parties of the first part " in the premises and appurtenances. Long, in his answer and testimony, and by a certified copy of the record of the mortgage, shows that the record of the mortgage has no seal annexed to the signature of Snow, wherefore he insists that the record does not show any valid mortgage, and that his purchase and the deed of Snow to him gave him a title to the property unincumbered by the mortgage, and that the record gave him no notice thereof, and he had no notice of the mortgage lien.

Snow was in possession of the lot at the time of the quit claim to Long. The bill did not allege, but the testimony showed that the mortgage was given to secure the purchase money on the purchase by Snow from Lake, mortgagee.

The Chancellor, at the hearing, decreed in favor of the complainant, that the record of the mortgage was sufficient notice, notwithstanding the want of a seal thereon, to put the purchaser, Long, upon his guard ; that the mortgage held by complainant is a good and valid lien upon the property as against the defendants. After reference to a master to ascertain the amount due, a decree was entered for a sale of the lot, in the usual form, and foreclosing the equity of redemption.

42

From this decree defendants appeal and pray a reversal.

The only questions considered by counsel in the argument of the cause relate to the effect of the imperfect record of the mortgage, and appellants insist that Long is not chargeable with notice of the mortgage, because under the statute a deed or mortgage without seal is void as against a subsequent purchaser in good faith and for value. While there is some apparent conflict of authorities as to the effect of such a record, the preponderance seems to be that under a statute like ours such a record imparts no notice to a *bona fide* purchaser; that on the face of the record there is no valid mortgage.

But we do not propose to discuss this question. Though the answer of Long asserts that he purchased the property for a valuable consideration from Snow and took a deed of conveyance which vested in him a title in fee simple, yet the deed he exhibits is merely a release and quit claim from Snow of his interest. The value of the property is variously stated, at six or eight hundred to two thousand dollars at the date of the mortgage, and at seven to nine hundred dollars in 1883 when the cause was tried, in the judgment of witnesses.

As to the effect of a deed of quit claim and release, Mr. Justice Story delivering the opinion of the court in Oliver vs. Platt, 3 How., 333, 410, says : "Another significant circumstance is, that this very ageeement contained a stipulation that Oliver should give a quit claim deed only for the tracts ; and the subsequent deeds given by Oliver to him accordingly were drawn up without any covenants of warranty, except against persons claiming under Oliver or his heirs and assigns. In legal effect, therefore, they did convey no more than Oliver's right, title and interest in the property ; and under such circumstances it is difficult to conceive how he can claim protection as a *bona fide* pur-

chaser, for a valuable consideration, without notice, as against any title paramount to that of Oliver."

In Kerr vs. Freeman, 33 Miss., 292, it is said: " A quit claim deed, or in other words a deed of release, under general principles of law can never operate as a conveyance in a technical sense, unless the party taking such deed is in possession of the land, and then the deed merely operates to enlarge the estate, whatever it may be." This is the rule of the common law. By our statute a deed of " lease and release " operates to transfer the possession of the releasor to the releasee as perfectly as if the releasee had been enfeoffed by livery of seisin, if livery of seisin can be made at the time of the execution of the deed. McC. Dig., 215; Act Nov. 15, 1828.

The Supreme Court of Alabama, in Smith's Heirs vs. Branch Bank of Mobile, 21 Ala., 125, had this question before it. The court say: " It is too clear to admit of a doubt that an unrecorded mortgage, as between the parties themselves, is valid and binding. It is also valid as to all subsequent creditors or purchasers with notice of its existence. * * The instrument under which the bank claims is a quit claim deed, or, what is more appropriately designated by the common term, a release. * * The grantor in this case only purports to release and quit-claim the title and interest which he had. The question then arises, what interest did he have? The plain answer is, the mere equity of redemption, nothing more, and this only passed by the quit claim deed. Thus the bank stands in the place of the mortgagors, holding only what they could sell, the equity of redemption. * * * To enlarge the interest by construction would be to make a different contract from that which the parties have entered into; would be, by judicial interpretation, contrary to the face of the deed and the facts on which it is founded, to pass the entire estate, by invest-

ing it with the consequences of a fraudulent sale of the whole, when the grantor had but the equity of redemption, and this, too, for the purpose of defeating the just lien of Smith for the purchase money.   We feel quite confident no case can be found which carries the doctrine thus far.  *  *  The bank, holding a mere quit claim deed, cannot be regarded as a *bona fide* purchaser for a valuable consideration without notice.   And we see no reason why such purchaser should be allowed to invoke the aid of the registry statute to avoid a prior mortgage which has not been recorded, any more than the aid of the chancery court for his protection. We express no opinion as to what we should decide, had the deed to the bank, even though it contained no warranty, purported to convey the entire title to the premises instead merely of that which the grantor had."

There seems to be no conflict of authority as to the effect of a mere quit claim or release by deed; it is simply a release or assignment to the releasee of such interest as remains in the releasor and puts the grantee in the precise place of the grantor as to that interest as it existed at the date of the release.   Such a deed is not even an estoppel upon the releasor as to any after acquired interest.   Rawle Cov. Tit., (4th Ed.) 389.

The conclusion must be that the appellant, Long, by virtue of the quit claim deed, is not in the position of a *bona fide* purchaser without notice of the equities of the mortgagee, that he stands in the shoes of his grantor and is no more entitled to plead the registry act as against the mortgage than is the mortgagor himself.

For these reasons the decree of foreclosure is affirmed.