J. W. BLACK, W. A. McLEOD AND D. T. WILLIAMS, APPEL-
LANTS, V. THE SKINNER MANUFACTURING COMPANY, A
CORPORATION, APPELLEE.

1. A deed conveying title to land should if possible be so con-
    strued as to make every part of it effective.

2. A deed of conveyance in which land is described by sections,
    townships and ranges according to the government sur-
    veys and records may be good even though the county is
    not mentioned.

3. In a deed conveying land the most material and most certain
    description of the land will control over a less material
    and less certain statement as to the location of the land.

4. In a deed of conveyance where a particular description of
    the land is given which is clear, explicit and certain, and
    is a complete identification of the land by authentic ascer-
    tainments, such description will not be varied by a more
    general and less definite and particular designation of the
    locality of the land; as in such case the particular authen-
    tic and complete description will be considered as express-
    ing the intent of the parties rather than the general des-
    ignation of locality.

5. Where a deed conveying title to lands recites that the con-
    sideration is the conveyance of "an equal number of acres
    of land," and that it conveys "the lands lying in the
    county of E., state of Florida, particularly described in
    the schedule hereto annexed," and the annexed schedule
    is of lands "particularly described" by sections, town-
    ships and ranges, according to the government surveys
    and records, and the number of acres thus described is
    equal to the number of acres conveyed as consideration,
    and the warranty covers "the title to the lands men-
    tioned in the annexed schedule," the deed conveys all the
    land "particularly described in the schedule" even though

some of the land so particularly described is not in the county of E., but is in an adjoining county of the state.

6. The failure to have recorded a deed conveying title to land does not affect the title of the grantee except as to creditors and subsequent purchasers for a valuable consideration and without notice.

7. A conveyance of lands in trust for the benefit of the grantor does not constitute the grantee a purchaser for value, and the record of such a conveyance will not affect the title of the real owner of the title under a prior unrecorded deed of conveyance.

This case was decided by Division A.

Appeal from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*Avery & Avery* and *Daniel Campbell & Son,* for Appellants;

*T. F. West* and *Blount & Blount,* for Appellee.

WHITFIELD, J.: This appeal is from a decree of the circuit court for Santa Rosa county declaring invalid as against the appellee certain deeds of conveyance executed by J. W. Black, one of the appellants, to W. A. McLeod, another appellant in trust, and by W. A. McLeod, trustee, to D. T. Williams, also appellant, in so far as they purport to convey the W$\frac{1}{2}$ of section 1, and all of fractional section 25, all in township 1, north of range 30 west, lands

situated in Santa Rosa county, Florida, and ordering the cancellation of the record of said deeds in so far as they relate to said lands as being clouds upon the titles of the appellee.

The answer of all the defendants, appellants here, not under oath, the oath being waived in the bill, denied appellee's ownership of the land. Appellant J. W. Black denied that he conveyed the land to Sullivan, through whom appellee claims.

The appellee claims title to the lands as follows: To fractional section 25, township 1 north, range 30 west, by deed of conveyance on May 8, 1879, from J. W. Black to D. F. Sullivan, and by mesne conveyances to the appellee; to the $w\frac{1}{2}$ of section 1, township 1 north of range 30 west, by deed of conveyance on September 8, 1880, from J. W. Black to E. F. Skinner, and by mesne conveyances to appellee.

The appellant D T. Williams claims title to all the lands by deed of conveyance on August 19, 1902, from the appellant J. W. Black to the appellant W. A. McLeod, and by deed from W. A. McLeod to D. T. Williams.

The contention of the appellants is that as to fractional section 25, township 1 north of range 30 west, the deed of May 8, 1879, from J. W. Black to D. F. Sullivan did not convey the title to it because the land lies in Santa Rosa county, while the deed from J. W. Black to D. F. Sullivan states that it conveys "the lands lying in the county of Escambia, state of Florida," and that as the deed of May 8, 1879, from J. W. Black to D. F. Sullivan was not recorded in Santa Rosa county, it is not effectual as against W. A. McLeod, to whom J. W. Black conveyed title to the land by deed of August 19th, 1902, and from

whom the appellant D. T. Williams received a deed of conveyance of the land.

The deed of May 8, 1879, from J. W. Black and wife to D. F. Sullivan states that "for and in consideration that the Pensacola Railroad Company has conveyed to A. J. Adams, of Santa Rosa county, state of Florida, with D. F. Sullivan's warranty, an equal number of acres of land lying in said Santa Rosa county and state of Florida, as well as the further consideration of one dollar to us in hand paid by D. F. Sullivan, of the city of Pensacola, state of Florida, the receipt whereof is hereby acknowledged, have bargained, sold and conveyed and by these presents do bargain, sell and convey unto the said D. F. Sullivan, his heirs and assigns forever, the lands lying in the county of Escambia, state of Florida, particularly described in the schedule hereto annexed: to have and to hold the said lands unto the said D. F. Sullivan, his heirs and assigns forever. And the said John W. Black do here covenant with the said D. F. Sullivan to warrant and defend the title of the lands mentioned in the annexed schedule unto the said D. F. Sullivan, his heirs and assigns."

It is clear from these provisions in the deed of May 8, 1879, from Black and wife to Sullivan that the conveyance made by the deed was "for and in consideration that the Pensacola Railroad Company has conveyed to A. J. Adams, of Santa Rosa county, state of Florida, with D. F. Sullivan's warranty, *an equal number of acres of land* lying in said Santa Rosa county and state of Florida;" that the lands so conveyed are *"particularly described in the schedule hereto annexed,"* and that the

grantor, John W Black, does "warrant and defend the title *to the lands mentioned in the annexed schedule* un-der the said D. F. Sullivan, his heirs and assigns." "The annexed schedule" referred to in the deed includes with other descriptions of lands "entire fractional section 25, township 1 north, of range 30 west, 118.40 acres." The deed to Adams refers to an "annexed schedule" for the particular descriptions of lands conveyed by it, and such annexed schedule in terms shows the number of acres particularly described therein to be 20,321.46 acres. The deed from Black to Sullivan conveys "an equal num-ber of acres of land" "particularly described in the sched-ule hereto annexed," and this schedule, in terms, shows the number of acres of lands particularly described therein to be 20,321.66 acres.

The. purpose of the deeds from the Pensacola Railroad Company with D. F. Sullivan's warranty to A. J. Adams, and from J. W. Black and wife to D. F. Sullivan, was to exchange *an equal number of acres of land* in two dif-ferent localities. The lands conveyed by the deed to Adams are in Santa Rosa county, while the lands covered by the deed from Black to Sullivan are in Escambia county, except that fractional section 25, of township 1 north, of range 30 west, is east of the Escambia river, which is the statutory dividing line between Escambia and Santa Rosa counties, the latter county being east of the river. There is manifest on the face of the deed from Black an intention to convey a number of acres equal to the number of acres conveyed to Adams, and the warranty of title in terms covers "the lands mentioned in the annexed schedule." The statement in the deed from Black to Sullivan that it conveys "the lands lying

in the *county of Escambia,* state of Florida," is immediately followed in the same sentence by the words "particularly described in the schedule hereto annexed." The first expression quoted indicates in a general way the locality of the lands, while the latter expression definitely indicates the instrument or paper annexed to the deed in which the lands conveyed are "particularly described" by sections, townships and ranges. The express provision to convey the lands "particularly described," *in exchange* for an equal number of acres and the warranty of the title to the lands particularly described by sections, townships and ranges, indicate an intention to convey all the land "particularly described," which would include all of fractional section 25, township 1 north, of range 30 west.

The deed should be so construed as to make every part of it effective if possible. By excluding the description "entire fractional section 25, T. 1 N., R. 30 W., 118.40 acres" the provision as to an equal number of acres would be impaired, the warranty would be withheld from lands to which it was in terms extended and land included in the large body of lands "particularly described in the attached schedule," would be omitted from the conveyance. By permitting the deed to stand as it reads the provision as to an equal number of acres of land is maintained in its integrity, the warranty is not affected, all the lands "particularly described" are conveyed, the locality or county named covers all the lands described which are within its confines, and the entire deed is given its natural, full and plainly intended effect. This latter construction destroys no part of the deed, but

gives effect to every part of it. Even the expression "the lands lying in the county of Escambia" is given full effect since all the "particularly described" lands which are within its boundaries are "the lands lying in the county of Escambia." A deed of conveyance in which land is described by sections, townships and ranges according to the government surveys and records is good even though the county be not mentioned. Peacock v. Feaster, 52 Fla. 565, 42 South. Rep. 889, text 894. This being so, it was not necessary that the county of Escambia be designated as the location of all of fractional section 25, of township 1 north, of range 30 west, which was particularly described as being conveyed.

To limit the deed from Black to Sullivan to a conveyance of *the lands in Escambia county,* state of Florida, particularly described in the attached schedule" so as not to include a portion of the lands "particularly described," would be to give effect to only a part of the deed. To construe the deed as conveying all the lands "particularly described in the attached schedule" would give effect to every part of the deed, since "the lands in Escambia county, state of Florida, particularly described in the schedule hereto annexed" would be conveyed; the lands particularly described by section, township and range according to the government survey and record which lie in Santa Rosa county would be conveyed though the county is not given in the deed; the number of acres intended to be conveyed would be conveyed; and the warranty of the title to "the lands mentioned in the annexed schedule" would not be affected, but would be given effect in the completeness of its terms.

To exclude from the operation of the deed the "entire fractional section 25, T. 1 N., R. 30 west, 118.40 acres," will in effect declare the deed to be void as to such land and deprive the grantee of property rights. In the case of Horn's Executors v. Gartman, 1 Fla. 63, text 90, the court approved the quotation from 1 Plowden 159, that "there is one general principle that runs through the construction of deeds, that they are to be construed most beneficially for the party to whom they are made; and, 2ndly, that a deed shall never be void, when the words may be implied to any intent to make it good." "Every part of a deed ought if possible to take effect and every word to operate." 13 Cyc. 627; 2 Devlin on Deeds, section 848. The most material and most certain description of lands in a deed will control over a less material and less certain statement as to the location of the land. See 4 Am. & Eng Ency. Law (2nd ed.) 800; Magowan v. Branham, 95 Ky. 581, 26 S. W. Rep. 803.

Where a particular description of land is given in a deed which is clear, explicit and certain, and is a complete identification of the land by authentic ascertainments, such description will not be varied by a more general and less definite and particular designation of the locality of the land; as in such case the particular, authentic and complete description will be considered as expressing the intent of the parties rather than the general designation of the locality. See 13 Cyc. 631; Sikes v. Shows, 74 Ala. 382; Carter v. Chevalier, 108 Ala. 563, 19 South. Rep. 798.

It cannot be said the parties did not intend the deed from J. W. Black and wife to D. F. Sullivan to cover and convey the entire fractional section 25, T. 1 N., R. 30

west, as it appears title to the same fractional section was conveyed by the legal representatives of D. F. Sullivan, the prantee, in the deed of May 8, 1879, from J. W. Black and wife, and by mesne conveyances to the appellee, while the grantor, J. W. Black, did not until August 19, 1902, attempt to make any other conveyance of the land, and he then only undertakes by deed to pass a title without warranty and in the deed expressly forbids the trustee to whom he conveys for his own benefit to bind him in a warranty of the title in sales of the land.

The fact that the deed from Black to Sullivan was not recorded in Santa Rosa county is not evidence that Black did not intend to convey ·lands lying in Santa Rosa county and particularly described in the deed, since it was not Black's duty to have, and he had no interest in having, the deed recorded. The passing of the title to lands described in a deed does not depend upon the intention of the grantee in receiving the deed, but upon the intention and acts of the grantor as shown by the terms of the instruments of conveyance properly interpreted and construed. Even D. F. Sullivan's failure to have the deed from Black recorded in Santa Rosa county is not evidence that he did not understand that the deed conveyed to him land lying in Santa Rosa county. The failure of Sullivan to have the deed of May 8, 1879, recorded in the county where the land is located did not affect his title or the title of the appellee claiming through him as against the grantor or the other appellants unless they are subsequent purchasers for a valuable consideration and without notice. Section 1972

Revised Statutes of 1892, section 2480 General Statutes of 1906; Lake v. Hancock, 38 Fla. 53, 20 South. Rep. 811.

The appellee claims title to the W $\frac{1}{2}$ of section 1, T. 1 N., R. 30 west, by deed of conveyance of September 9, 1880, from J. W. Black to E. F. Skinner, and from E. F. Skinner by mesne conveyances to itself. The appellant Williams claims title to this land under the deed of conveyance of August 19, 1902, from the appellant J. W. Black to W. A. McLeod and by deed from McLeod to the appellant Williams. The appellant Black in his answer does not deny that he conveyed this land to E. F. Skinner by deed of September 9, 1880, as alleged in the bill of complaint. The deed from Black to E. F. Skinner conveys the "west half section and the west half of the southeast quarter of section one, township 1 north, of range thirty west." This description was recorded in Santa Rosa county as "west half sixteen and west half of southeast quarter of section one, township one north, of range thirty west." It is not necessary to determine the effect of this erroneus record of the description in the deed of September 9, 1880, from Black to E. F. Skinner, unless the appellant McLeod and Williams are purchasers for a valuable consideration and without notice.

The deed of August 19, 1902, from J. W. Black to W. A. McLeod purports in consideration of one dollar and other good and valuable consideration to "grant, bargain, sell and convey to W. A. McLeod, in trust for the uses and purposes hereinafter set out, the following described lands lying in Santa Rosa county, Florida, to wit: The W. $\frac{1}{2}$ of sec. 1, T. 1 N., R. 30 west;    *    *    *

all of sec. 25, T. 1.N., R. 30 west; * * * to have and to hold to the said W. A. McLeod as trustee, for the uses and purposes following, to wit: The said W. A. McLeod, as trustee, is authorized and empowered to take possession of the said lands and, if necessary, to sue and recover the same, to sell and convey the same upon such terms and in such manner as he may deem proper, except that he shall not in any way bind me by any warranty of th titles to said lands. Immediately after such sale of any of the said lands the said W. A. McLeod, as trustee, shall pay me the amount to which I am entitled out of the proceeds of the said lands so sold under the terms of a certain written agreement now existing between us with respect thereto. That is to say, that the lands are conveyed to the said W. A. McLeod to be protected and disposed of by him as trustee, and, as such trustee, he is to account to me for my share of the proceeds." The terms of this deed show that the grantee therein is not such a purchaser for a valuable consideration as is contemplated by the recording statute, but that McLeod, trustee, succeeds to only such rights, if any, that the grantor Black had and could assign or transfer by this deed to his trustee for his benefit. This showing by the deed under which appellants claim title as against an unrecorded deed or a defectively recorded deed under which appellee claims is not favorable to the appellants and is not overcome by anything to be found in the record. The appellant D. T. Williams claims title by a quit claim deed from W. A. McLeod, trustee, and he can take no greater or better title than McLeod

had.  23 Am. & Eng. Ency. Law (2nd ed.) 488, 510; 24 Am. & Eng. Ency. Law (2nd ed.) 145; 2 Devlin on Deeds, section 1000; Snow v. Lake, 20 Fla. 656, 51 Am. Rep. 625.

From these considerations it appears that as to fractional section 25, T. 1 N., R. 30 west, the appellant J. W. Black and wife conveyed the title to it to D. F. Sullivan in 1879, and by mesne conveyances the title is in the appellee.  This being so, the deed executed by the defendant J. W. Black to W. A. McLeod, trustee, in 1902, conveyed no title W. A. McLeod, trustee, was not a purchaser for a valuable consideration under the deed he received from Black in 1902, therefore the failure to record in Santa Rosa county the deed of 1879 from Black to D. F. Sullivan did not render it ineffectual as to McLeod, trustee.  The appellant W. A. McLeod, as trustee, did not take a better title than Black had to transfer, and appellant Williams took no better title from W. A. McLeod, trustee.

As to the west half of section one, township one north, of range 30 west, the title to it passed from the appellant J. W. Black to E. F. Skinner by deed of September 9, 1880, and by mesne conveyances to the appellee.  Consequently the deed executed by the appellant J. W. Black in 1902, to W. A. McLeod, trustee, conveyed no title.  The defendant W. A. McLeod was not a purchaser for a valuable consideration under the deed from J. W. Black, therefore, the defective record of the deed from J. W. Black to E. F. Skinner did not render it ineffectual as to the appellant W. A. McLeod.  The appellant W. A.

McLeod did not take a better title than J. W. Black had to transfer and the appellant Williams took no better title from McLeod.

Decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.