MARIE SHERLOCK *et al., Plaintiffs in Error,* v. L. B. VARN
*et al., Defendants in Error.*

1. It is with the ruling itself, upon which an assignment of
   error is based, that an appellate court is called upon to
   deal, and not with the reasons which the trial court may
   have given therefore. If the ruling is correct, it will not be
   disturbed because the trial court may have given erroneous
   or insufficient reasons for its rendition.

2. Courts of justice exist for the administration and further-
   ance of justice, and in the conduct of trials generally much
   must be left to the discretion of the trial judge.

3. In matters generally which rest within the judicial discre-
   tion of the trial court an appellate court will not interfere,
   except where an abuse of such discretion is made to appear.

4. The trial court is authorized to regulate the order of the
   introduction of evidence, and its discretion in this matter
   will only be interfered with by an appellate court where
   clearly abused.

5. The defendant in an action of ejectment will defeat a re-
   covery by the plaintiff by showing the legal title to the land
   in controversy to be in another person and not in the plain-
   tiff who is claiming possession as a right incident to the
   legal title.

6. A tax deed is erroneously admitted in evidence wherein
   the only description of the property is "In N. W. Corner
   as described in deed book R, page 400 & 622, in Russell's
   Addition to Brooksville, Section 22, Township 22 South,
   Range 19 East, containing one and one-half acres, more or

less," especially when no offer or attempt is made to follow up such indefinite description and connect it with other evidence, assuming but not deciding that such a course may be properly pursued.

7. It is for the trial court to determine as a matter of law whether or not the description of land in a tax deed is so vague, indefinite and uncertain as to amount to a nullity, and it is error to leave such question to the jury.

8. Where a tax deed has been erroneously admitted in evidence, a charge discussing the effect of a tax deed may be calculated to confuse and mislead the jury, and should not be given.

Appealed from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*Dozier A. DeVane,* for Plaintiffs in Error;

*Fred L. Stringer,* for Defendants in Error.

SHACKLEFORD, J.—Marie Sherlock, and Annie Sherlock Towns, joined by her husband, Thomas Randolph Towns, by Annie Ball, their attorney in fact, brought an action of ejectment against J. W. Hogan, R. L. Clark and L. B. Varn, seeking to recover the possession of a certain town lot situated in the town of Brooksville and described as follows: "Beginning at a point 211 feet east from the point where the south line of Early Street intersects with the east line of Main Street as appears on the map of Russell's Addition to Brooksville and the original survey of the town of Brooksville and running thence south 200 feet, thence east 120 feet, thence north 200 feet,

thence west 120 feet to point of beginning, containing about one acre." No point is made on the pleadings, the declaration being in the usual statutory form, to which the defendants filed a plea of not guilty. A trial was had before a jury, resulting in a verdict and judgment in favor of the defendants, which judgment the plaintiffs seek to have tested here by writ of error.

The plaintiffs deraigned their title to the lot in dispute from the U. S., the successive conveyances being introduced and filed in evidence. This fact is not questioned here. Two of the defendants, Clark and Hogan, were only tenants upon the property and made no claim of title, while L. B. Varn, the other defendant, sought to establish his title to and right to the possession of the lot in controversy by virtue of his adverse possession thereof under color of title for the statutory period of seven years and also by virtue of a tax deed executed to him by the State on the 19th day of January, 1907.

Twenty-two errors are assigned, but, in view of the conclusion which we have reached, it will not be necessary to discuss them in detail. The color of title upon which the defendant Varn relies is based upon a power of attorney purporting to have been executed by Marie Sherlock and Annie S. Towns to Annie Ball, which was admitted as to the former and excluded as to the latter, because defectively executed and acknowledged by her, also upon another power of attorney from Thomas R. Towns to Annie Ball, upon the back of which is an acknowledgement by Annie S. Towns, his wife, of the execution by her of the former power of attorney, the trial court holding that such instruments were insufficient to authorize the execution of a legal conveyance thereunder, which would be binding upon Annie S. Towns. The defendant Varn further offered in evidence a deed to the

29—Vol. 64.

lot in dispute, executed by "Annie Ball, Atty. in fact for the heirs of Thomas Sherlock," to Alda B. Wright, bearing date the 12th day of June, 1900, presumably executed under the so-called powers of attorney to which we have just referred, which the court admitted as "color of title upon which to base evidence of the statute of limitations," and followed up the introduction of such deed by another deed to the lot in question executed by Alda B. Wright and Benjamin S. Wright, her husband, to the defendant, L. B. Varn, under date of the 24th of December, 1900.

The defendants also offered in evidence a written instrument purporting to be an absolute conveyance of the disputed lot, and also of other land, by Marie Sherlock, widow of Thomas Sherlock, deceased, Annie Sherlock Towns, the only child of Thomas Sherlock, and her husband Thomas R. Towns, to Annie Ball, and also a general power of attorney, bearing date the 22nd day of December, 1908. This instrument was admitted over the objections of the plaintiffs, the trial court making the following statement in ruling upon such objections:

"The court holds that in this case that sufficient evidence has been shown in the progress of this case to show that the defendant would rely upon acts of estoppel on the part of Miss Annie E. Ball, acting for and on behalf of the plaintiffs here and that it would be incumbent upon the defendants to prove that the plaintiffs had knowledge of her acts in order for the doctrine of estoppel to apply, but where the acts complained of were on the part of the agent and the agent being the real party at interest I think it is competent to show that she owns the property and is prosecuting the suit in the name of the principal in order to avoid the application of the doctrine of estoppel and the objections are overruled and exceptions noted."

It is earnestly insisted by the plaintiffs that this ruling

constitutes reversible error. We do not thing so. Whether we approve of and adopt in whole or in part the reasons given by the trial court for the ruling complained of is immaterial, as it is the correctness of the ruling itself upon which we have to pass, and not with the reasons given therefor. See Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, 58 South. Rep. 786, and prior decisions of this court therein cited. We have held in a number of decisions, which will be found collected in Padgett v. State, decided at the present term, courts of justice exist for the administration of justice, and in the conduct of trials generally much must be left to the discretion of the trial judge. We further held in the case just cited that in matters which rest within the judicial discretion of the trial court an appellate court will not interfere, except where an abuse of such discretion is made to appear. We have further held repeatedly that the trial court is authorized to regulate the order of the introduction of evidence, and its discretion in this matter will only be interfered with by an appellate court where a clear abuse thereof is shown. See Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395. It is elementary that the defendant in an action of ejectment will defeat a recovery by the plaintiff by showing the legal title to the land in controversy to be in another person and not in the plaintiff who is claiming possession as a right incident to the legal title. Hogans v. Carruth, 18 Fla. 587, and 19 Fla. 84. It will be observed that the deed executed by Annie Ball, as attornney in fact for the heirs of Thomas Sherlock to Alda B. Wright, under date of the 12th day of June, 1900, even if a valid conveyance in all other respects, which point is not properly before us for decision, could not convey the legal title of Annie S. Towns to her interest in the lot by reason of the defective

execution and acknowledgement by her of the power of attorney under which such deed was executed. It will be further observed that the deed executed by Marie Sherlock and Annie S. Towns and husband to Annie Ball, bears date of the 22nd day of December, 1908, more than eight years after the execution of the deed referred to above by Annie Ball to Alda B. Wright. Testimony was adduced by the defendants tending to show that Alda Wright and her husband entered into the actual possession of the lot, on or about the date of the execution of such deed, which possession continued until the 24th day of December, 1900, the date of the execution of the deed by the Wrights to the defendant Varn, and that Varn, upon the execution of such deed, had entered into the possession, which had continued until the date of the institution of this action of ejectment. We advisedly say that evidence was introduced by the defendants which *tended* to establish these facts, but whether, in view of all the evidence adduced such facts were established is a matter upon which we express no opinion. As the judgment will have to be reversed upon another point, it would not be proper for us to express our opinion, that being a matter primarily for determination by a jury, under appropriate instructions by the court. It is sufficient to say that upon such matters there is irreconcilable conflict in the testimony given by the respective witnesses for the plaintiffs and the defendants, as is so frequently the case when adverse possession for the statutory period is relied upon as a defense. We further call attention to the fact that, although the deed from Marie Sherlock, Annie S. Towns and husband to Annie Ball is referred to by the respective counsel for the parties litigant as a warranty deed, no covenants of warranty are to be found therein, but as to the effect of their omission we express no opinion.

If the defendants were in possession of the lot at the time of the execution of such deed, then Annie Ball, the grantee therein, could not have maintained the action as plaintiff, though she might have done so in the names of her grantors. Coogler v. Rogers, 25 Fla. 853, 7 South. Rep. 391. We do not understand how, if the grantors had made a valid conveyance of the lot, prior to the institution of the action, they could maintain it either directly in their own names or by an attorney in fact, but, as we have already said, these controverted facts are for a jury to determine. It was further held in Coogler v. Rogers *supra,* that in an action of ejectment the estoppel of the nominal plaintiff estops the real plaintiff. We have thrown out these suggestions because we think that they may prove of service upon another trial of the action. We conclude our discussion of this assignment by stating that no error has been made to appear in the ruling so called in question.

The defendants also introduced in evidence a certified copy of a tax deed from the State of Florida to L. B. Varn, bearing date the 19th day of January, 1907, to a parcel of land described therein as "In N. W. Corner as described in deed book R, pages 400 and 622, in Russell's Addition to Brooksville, Section 22, Township 22 South, Range 19 East, containing one and one-half acres, more or less." It was recited therein that such parcel of land was sold by the tax collector of Hernando County on the 4th day of June, 1900, for unpaid taxes thereon for the year 1899, as the property of the heirs of Thomas Sherlock. The plaintiffs objected to the introduction of the deed on several specified grounds, upon which the trial court made the following ruling, which forms the basis for one of the assignments: "Objections overruled except in so far as it relates to the description of the pro-

perty.   If it includes the same property it goes to the
jury for what it is worth."   The assessment roll for the
year 1899 was not introduced in evidence, but presumably
the description of the land in the tax deed is the same
as that on the assessment roll, which is requisite to a
valid deed.   See Carncross v. Lykes, 22 Fla. 587, text 591,
and Grisson v. Furman, 22 Fla. 581.   It is readily ap-
parent that the description of the land in the tax deed
under consideration, to say the least of it, is vague, un-
certain and incomplete.   Even if extrinsic evidence could
have been introduced for the purpose of definitely ascer-
taining and describing the land so sold for taxes and
described in the tax deed, upon which point the authorities
are conflicting, no such extrinsic evidence was introduced
or offered.   See 37 Cyc. 1449.   Neither the original in-
strument nor certified copies thereof, referred to in such
tax deed as being found on pages 400 and 622 of deed
book R, were offered in evidence, assuming, though not
deciding, that the same would have been admissible.   It
may well be true that upon a compulsory sale of land,
whether by a tax colector or Sheriff or other official,
greater strictness would be required in the matter of the
description in the deed than where the owner voluntarily
sold and conveyed the land, and that the principle an-
nounced by us in Walker v. Lee, 51 Fla. 360, 40 South.
Rep. 881, would not apply in the case of a deed based
upon a compulsory sale, but this point is not presented to
us for decision.   As we have previously said, the evidence
adduced by the respective parties litigant is quite con-
flicting, so that it may be said to be a fairly close case on
the facts.   This being true, we cannot say that the jury
could not have found from the evidence a verdict for the
plaintiffs, though we do not mean to intimate that such
verdict should have been found, but we are of the opinion

that the court erred in admitting the tax deed and that it tended to confuse the issues and mislead the jury. We are all the more impelled to this conclusion when we consider its admission in connection with one of the charges given which we shall presently discuss. It was for the trial court to determine whether or not the description of the land in the tax deed was so vague, indefinite and uncertain as to amount to a nullity, as we held was true in Walls v. Endel, 20 Fla. 86, and it was error to leave this matter to the jury.

The charge to which we referred above and upon which one of the assignments is based is numbered seventh and reads as follows:

"The court further instructs you on the question of tax deeds that the owner of land cannot have that land sold for taxes and buy it in and acquire a tax deed so as to base a title in him. If he was the owner of the land at the time the taxes were due and payable it was his duty to pay the taxes, and a sale of a person's own land and purchased by him the tax deed amounts to nothing more than the payment of taxes. But he has a right to purchase land for taxes that had been sold prior to his purchasing the land. It was not his duty to pay the taxes and if he so purchases why then the tax deed, under the laws of Florida, is prima facie regular and a good conveyance and conveys the title to the property. So if you find from the evidence in this case, if this defendant at the time that the taxes were due on this land was the owner of the land and it was his duty to pay the taxes, but at that time he was not the owner of the land it was not his duty to pay the taxes and he would acquire a valid tax deed therefor.

To the giving of which to the jury by the court attorneys for plaintiff duly excepts."

There is no occasion to subject this charge to a close
or critical analysis. It may not be very happily worded,
but, passing that point by as the tax deed referred to there-
in had been erroneously admitted, the charge as framed,
discussing the effect of a tax deed, was well calculated to
confuse and mislead the jury and should not have been
given.

We do not discuss any of the other assignments, as the
matters complained of need not arise upon another trial
of the case. For the errors found the judgment must be
reversed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER,
J. J., concur.