MARY LOUISE ADAMS v. ORANGE REALTY SALES, INC.

183 So. 621.

Division A.

Opinion Filed October 6, 1938.

*George P. Garrett,* for Plaintiff in Error;

*Hope Strong* and *C. P. Dickinson,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment in

favor of defendant in ejectment suit pursuant to trial on law and facts by the court, jury having been waived.

The findings, or verdict, as it is styled in the transcript, is as follows:

"IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR ORANGE COUNTY.

"Common Law Case No. 10641.

"MARY LOUISE ADAMS, a widow, Plaintiff, v. ORANGE REALTY SALES, INC., a Florida Corporation, Defendant.

"Damages $3,000.

"VERDICT

"This case in ejectment came on before the court with trial before a jury, but before proceeding to a verdict the parties agreed to leave the decision of all issues to the court and accordingly the jury was dismissed.

"Counsel for plaintiff has contended that defendant could not show its adverse possession, it not having stated and specified in its bill of particulars how and when such claim originated and the facts upon which the claim is based. I believe this contention to be correct and applicable in the instant case if suit was filed subsequent to the adoption of the rules or if otherwise this case is subject to this rule 85. However, this is of no consequence in view of the fact that I find that defendant has failed to establish its defense of title by adverse possession. This defense failed because the proof did not show continuous possession for seven years prior to the action.

"Under the Florida decision in Farrington v. Greer, the deeds in the defendant's chain of title are not champertous because in my opinion the plaintiff and her grantor have never been in adverse possession, if indeed the mere payment of taxes constitutes any kind of possession.

"Without authority under seal an attorney in fact could not execute a deed for his principal, so that the legal title vested in David D. Cady did not pass by the deed attempted to be executed for him by Hal D. Cady as attorney in fact; however, this defect or break in defendant's chain of title does not entitle plaintiff to recover against defendant. A defendant in possession will defeat a recovery by plaintiff by showing title in another person. Hogans v. Carruth, 19 Fla. 84. (Found from 19 C. J. 1041). Also Sherlock v. Varn, 64 Fla. 447, 59 So. 953.

"The general rule is that defendant who is in possession under color of title or right may avail himself of an outstanding title in a third person as a defense, notwithstanding he does not connect himself in any way with such outstanding title. Numerous cases cited under Notes 75 and 76. 'The rule is otherwise in some jurisdictions.' (Note 77, three Kansas cases, two of which are relied on by Plaintiff) C. J. 1076-7.

"Although I find that Frank Adams paid taxes, yet after carefully reviewing the case and authorities and arguments presented, I am of the opinion that the payment of taxes by itself or coupled with the bare statement that Frank Adams was in possession at the time of execution of deed to plaintiff does not show possession. On the other hand, the testimony shows that the land was not capable of occupancy until filled in several years later.

"The testimony shows the legal title vested in David D. Cady and there it rests subject to the equitable title which became vested in Robert T. Hughes and his assignees. It was under this grantee Hughes that defendant claims its title, and although defendant cannot use its equitable title to defeat plaintiff, yet it is entitled to the defense established by the evidence that the legal title is vested in another than the plaintiff.

"Numerous objections and motions made during the trial were reserved for decision at the final hearing and I am disposed to rule upon all that require a ruling, but it would seem to me that they would not need to be ruled upon separately but that a general order could be made to the effect that each of the points reserved for ruling is now ruled upon, either sustained or overruled, as may be consistent with the foregoing opinion and the final decision of the case. Of course, if counsel consider the parties' rights cannot thereby be preserved, then it will be necessary to comb through the record and made a specific ruling upon each of the objections and motions.

"The court finds for the defendant, and that the defendant is entitled to the possession of and has fee simple title to the lands and tenements described in the declaration herein, as amended by stipulation, to-wit: All of that part of the Northeast Quarter of the Southeast Quarter of Section 31, Township 21 South of Range 30 East of Tallahassee Meridian, consisting of the Island in Lake Maitland, except those certain lands described in deed from Orange Realty Sales, Inc., to James Gamble Rogers 2nd, recorded in Orange County Records in Deed Book 394, page 261.

"This 31st day of August, 1937."

Thereupon final judgment was entered in favor of defendant.

The findings of fact are supported by substantial evidence and the application of the stated principles of law appear to be without error.

In ejectment the plaintiff must recover on the strength of his own title and not on the weakness of defendant's title or even lack of record title in the defendant in possession.

If defendant is not in possession ejectment will not lie.

While it is elementary that the plaintiff in ejectment must recover on the strength of his title (See Phillips v. Lowenstein, 91 Fla. 89, 107 Sou. 350, and cases there cited), the defendant may recover by showing title either in himself or in a third party, even a stranger to the suit. See Hogan, *et al.,* v. Carruth, 18 Fla. 587, same 19 Fla. 84. Sherlock v. Varn, 64 Fla. 447, 59 Sou. 953.

The defendant in possession claimed under color of title. It proved color of title. It complied with Rule 85 governing actions in ejectment by filing bill of particulars deraigning its title. The chain of title showed title deraigning from the Trustees of the Internal Improvement Fund of Florida through mesne conveyance to David D. Cady, from David D. Cady by his attorney in fact Hal D. Cady to Robert T. Hughes and from Hughes to defendant.

The power of attorney from David D. Cady to Hal D. Cady was not under seal and therefore the purported power of attorney was insufficient and ineffectual to authorize the conveyance of the title from David D. Cady to Robert T. Hughes. So this left the record showing paramount title in David D. Cady.

Plaintiff did not proceed, as by paragraph (b) of Rule 85, *supra,* is required, to test the legal sufficiency of the power of attorney (an instrument duly shown in defendant's deraignment of the chain of title), but instead proceeded to trial and successfully contested the introduction of the deed as executed by the purported attorny in fact. This left the title as deraigned in the bill of particulars resting in David D. Cady with possession under color of title in the defendant.

The trial court found that the paramount record title rested in David D. Cady, a third party, and rendered verdict and judgment in favor of defendant.

No reversible error is disclosed by the record, so the judgment is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.