J. Y. BLITCH and MARY LOVE CATES v. H. H. SAPP.

194 So. 328
Division B
Opinion Filed March 1, 1940

*Blake & Taylor,* for Plaintiffs in Error;

*LeRoy Collins* and *W. P. Shelley, Jr.,* for Defendant in Error.

PER CURIAM.—This is an action of ejectment. Plaintiffs filed their declarations (two suits consolidated) and the defendant filed his pleas, including one of "not guilty." Pursuant to answers to interrogatories propounded by defendant the plaintiffs were relying on: (1) prior possession, (2) prior possession of predecessor in title and (3) legal title.

The cause came on to be tried before a jury; and after the evidence for both parties was before them, together with the court's instructions as to the law in the case, they returned a verdict for the defendant.

Plaintiffs assign as error certain charges of the court to the jury and rulings of the court on evidence sought to be adduced.

Several instruments of conveyance were introduced in evidence by the plaintiffs for the purpose of establishing their chain of title from the original source. One instrument, a sheriff's deed issued under a writ of execution in 1896, was stricken from the record as evidence of title on defendant introducing a like instrument, issued and recorded some seven years prior to that relied upon by plaintiffs, covering the here controverted property, with the exception of the fractional part of Section Eighteen, Township Two (2) North Range One (1) West located in Gadsden County.

Plaintiffs in error raise some four questions for determi-

nation. They are: (1) was it error in this case for the trial judge to indicate to the jury that there was insufficient evidence to support record title and refuse to give a charge thereon; (2) did the court properly strike testimony of a witness because it was vague and indefinite; (3) was it error for the court to refuse to allow testimony establishing tax records to show that plaintiff had paid the taxes on the property, and (4) did the court properly instruct the jury relative to constructive possession of the premises here in dispute?

It is academic that plaintiffs must recover, if at all, on the strength of their own title. Adams v. Orange Realty Sales, 134 Fla. 175, 183 South. Rep. 621, 187 South. Rep. 625.

It is likewise well settled that plaintiffs, in an action of ejectment, are required to show legal title in themselves, or that they were in prior possession (actual or constructive) of the land and were ousted by the defendant. Harris v. Butler, 52 Fla. 253, 42 South. Rep. 186; Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931.

In the case last above cited this court stated:

"Where the plaintiff undertakes to show title in himself, he must deraign title from an original source or from one having possession and a right to convey the title." Skinner Mfg. Co. v. Wright, *supra,* text, 47 South. Rep. 931.

As already pointed out, there were two sheriff's deeds issued upon execution sales covering the property involved in this ejectment suit. One was issued and recorded in 1889 and the other in 1896. Plaintiffs rely upon the deed executed in 1896. They submitted this deed in' evidence and it became a part of their chain of title. The defendant then submitted the deed dated in 1889 and made a motion to strike plaintiffs' deed of 1896. This motion was

granted by the court, and, upon motion of plaintiffs, the deed was again received in evidence, but this time as evidence of "Color of Title" only.

In order to maintain ejectment, the instrument relied upon, or the title deraigned, must be shown to be valid and it must be *paramount* or *superior* to, *older* or *better* than, defendant's instrument. 19 C. J. 1056-57 and cases cited under note 20. From what has been said previously, it is apparent that the court properly struck plaintiffs' instrument as evidence in their chain of title and allowed it only as color of title.

Plaintiffs seek to avoid the above infirmity in their chain of title by a "quit-claim" deed, obtained in 1930, from the heirs of the grantee under the 1889 sheriff's deed. In response to this contention we simply state that a "quit-claim" deed yields only such interest in land as the grantor had at the time of the making of such deed. Snow v. Lake, 20 Fla. 656, 51 Am. Rep. 625; 8 R. C. L. 1025. It is admitted by plaintiffs that defendant was in possession of the premises in 1930 and in Nelson v. Brush, 22 Fla. 374, text 377, this Court stated:

"The law is well settled both by decisions in this State and many others, that a deed by one to land in the adverse possession of another is void as against such adverse claimant."

Therefore, we are of the opinion that the court committed no error in refusing to charge the jury relative to record title, as there was not sufficient evidence of such a title properly before the jury.

In answer to the second question, it will suffice to say that the court properly struck the testimony of the witness relative to the leasing of the property as such evidence was so vague, uncertain and indefinite as to confuse the jury and mislead them.

Passing to the third question, it was harmless error, if error at all, for the court to refuse to allow the plaintiffs to prove payment of taxes by their agent. While evidence of the payment of taxes is admissible as one of the circumstances tending to determine the fact and extent of possession, where adverse possession is relied upon; Chastang v. Chastang, 141 Ala. 451, 37 So. 799; 1 Am. Jur. 927, the payment of taxes alone is not sufficient in itself to establish adverse possession, and this court has held that looking after and paying taxes on wild land and town lots is not adverse possession. McKinnon v. Johnson, 59 Fla. 332, 52 So. 288; Douglas v. Aldridge, 90 Fla. 51, 105 So. 145. Upon a consideration of the entire record we think that the jury would not have been justified in finding for the plaintiff's even though this evidence of payment of taxes by the plaintiffs' agent were before them.

The fourth question presented to us involves the court's charge to the jury relative to what constitutes constructive possession. After carefully reading the entire charge of the court we are convinced that it properly states the law applicable to such possession.

For the above reasons the judgment of the lower court should be and the same is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS, not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.