## GASKIN, et al. v. CARTER, et al.

### Case No. 81-92

Fourteenth Judicial Circuit, Gulf County

July 12, 1983

### APPEARANCES OF COUNSEL

Cecil Costin for plaintiffs.

Bill R. Hutto for defendants.

### OPINION OF THE COURT

WILLIAM A. COOPER, Jr., Acting Circuit Judge.

THIS CAUSE came on to be heard upon the plaintiffs' suit in ejectment and the counterclaims of the defendants seeking to quiet title, and the court having heard testimony, and considered documentary evidence and argument of counsel, makes the following findings of fact and conclusions of law:

1. The chain of title set forth in the various exhibits has been stipulated to. It reflects that defendants Carter et eux and Grover et eux deraign title to their respective contiguous parcels from a common grantor by warranty deed dated March 2, 1939. The two parcels are legally described as set forth in the exhibits admitted in evidence by defendants. Plaintiffs claim title by virtue of quit-claim deed to a larger tract that envelopes defendants' parcels but which they also claim leaves a narrow strip of land not granted in defendants' legal descriptions and from which they therefore seek to eject the defendants.

Although defendants appear to have conceded the validity of plaintiffs' survey, by having agreed to the issues in the pre-trial order (which do no contemplate a dispute about surveys, but rather raise identical issues of adverse possession), they nevertheless raised at trial the issue of the validity of plaintiffs' survey by introducing their own Exhibit #3 and the testimony of the author of that survey, Frank R. Schilling, Jr., to the effect that their legal descriptions include the disputed strip.

2. The court has considered and weighed the testimony of Mr. Schilling against that of plaintiffs' witness, Robert B. Nations, Jr., who carried out his work under the direction of his father, a registered Florida land surveyor, and finds that the techniques employed and the monuments located by Mr. Nations lend much greater probative value to his conclusions than those of Mr. Schilling.

3. Having concluded that defendants' grants do not encompass the disputed strip (although it is clear that both sets of defendants were possessed of a good faith belief that Mr. Schilling's survey was correct and that they did own the disputed land (see the shaded area of plaintiffs' Exhibit #2)), the court must then determine whether the evidence sufficiently established entitlement in the defendants by any other recognized doctrine of law.

4. Again, although defendants raised only the issue of adverse possession in the pre-trial order, they also argued boundary by acquiescence. Both will be considered.

5. To prevail in an action for ejectment, a party must demonstrate both legal title and a present right to possession of the property. *Blitch v. Sapp,* 142 Fla. 166, 194 So. 328 (1940). Defendants' two-pronged defense attacks the title claimed by plaintiffs. If either defense prevails, plaintiffs' right to possession must also fall, since title to real property acquired by adverse possession constitutes a defense to an action of ejectment. *Kiser v. Howard,* 133 So.2d 746 (Fla. 1st DCA 1961).

6. The defense of boundary by acquiescence will first be considered. Uncertain or disputed boundary lines may be established in Florida where owners of adjoining lands occupy their respective premises and recognize a line for a sufficient period of time as the boundary between them. *Bossom v. Gillman,* 70 So. 364 (1950). The doctrine is based upon the inference of a former agreement establishing a line which is different from the true line. In order to establish that the plaintiffs have acquiesced in the John Dill Road as defendants' southern boundary, defendants must prove: (1) a dispute from which it can be implied that both parties are in doubt as to the boundary; and (2) continued occupation and acquiescence in a line other than the true boundary for

178

a period of more than the statute of limitations. *Pippin v. Parker,* 427 So.2d 1066 (Fla. 1st DCA 1983).

7. This court first notes that it is being asked to find that plaintiffs agreed that their northern boundary merged with their southern boundary to produce what might be termed a nondimensional tract. This is most unlikely. Furthermore, the evidence fails to satisfy either element. Assuming that this lawsuit does not qualify as evidence of the dispute, no other evidence was presented of either a dispute or acquiescence. Plaintiffs have not occupied the tract, and there is no evidence that another boundary was ever agreed upon by the parties.

8. Defendants' claim of adverse possession presents a more serious question, and the evidence must be examined as it pertains to each set of defendants and as applied to adverse possession with and without color of title (since defendants did not specify).

"First, without color of title, the claimant must show seven years of open, continuous, actual possession, hostile to all who would challenge such possession, must both pay all taxes for the seven year period, returning said land for taxes during the first year of occupation, and enclose or cultivate said lands for the seven year period. Second, with color of title, the claimant must show he entered into possession of the premises under a claim based upon a written instrument of conveyance of the premises in question, or deed, or judgment of a competent court, and there has been a continued occupation and possession of the premises as defined by Section 95.17, Fla.Stat. F.S.A. (and, of course, including the above criteria for openness, etc.), for a period of seven years."

Reference must also be made to Sections 95.16 and 95.18, Fla. Stat. (1979).

9. The court will first consider whether the evidence is sufficient to establish that defendants hold their respective parcels under color of title. Plaintiffs argue that since their surveyor established the southern boundary line of the Grovers' property as lying some 70 feet north of the road, they cannot claim under color of title. However, defendants' surveyor, Mr. Schilling, testified that he could utilize the property description (which differs from the description of the Carter property in that it does not include language that would establish the northernmost boundary at the John Dill Road) to locate a parcel whose northernmost boundary is the road. Even though this court now rejects the accuracy of Mr. Schilling's survey in favor of that of plaintiffs, that testimony is adequate to prove color of title. *Addis v. Hoagland,* 8 So. 2d 655 (1942); *Boley v. McMillan,* 63 So. 703 (1914).

**179**

10. As to the Carter property, the same testimony was elicited, but in addition it is buttressed by the description, which establishes the southern boundary as "country road." The court therefore finds that both pairs of defendants held their parcels under color of title.

11. The next question is the length of possession. Section 95.16, Fla. Stat. (1979) requires possession for a continuous period for at least seven years. The Carters acquired title six years prior to the filing of the suit. However, they may rely upon the adverse possession of their grantors if such is established by clear and convincing evidence. *Downing v. Byrd,* 100 So.2d 57 (Fla. 1958). The Grovers have been in possession since 1952. Therefore, in considering the other elements, the court must also determine whether the Carters' predecessors in interest, Cicero and Virginia Hoover, also adversely possessed that parcel for the year prior to its transfer to the Carters.

12. The evidence is clear and convincing that both pairs of defendants (as well as the Hoovers) held their respective parcels for well over seven years total. Said possession was open, continuous, actual and hostile during that period (although at least one report has stated that only continuous and open possession is required under color of title, See *DeRoache v. Winski,* 409 So.2d 41 (Fla. 2d DCA 1981). Both pairs of defendants (and the Hoovers) have occupied their respective parcels in a manner sufficient to meet the statutory criteria for possession. The Hoovers and then the Carters maintained a lawn, cultivated flowers and utilized a road of access to and through the parcel. The Hoovers used an old log cabin on the property and the Carters then had it removed as being unsightly. The Carters also removed an old fence which had existed on the property for many years. The Grovers have utilized a block building on the contested strip for storage and have for many years annually harvested a crop of figs and pecans grown on trees on their contested strip. They also utilized access roads leading to the John Dill Road and to County Road 71. All of this testimony is unrebutted and constitutes clear and convincing evidence of possession of the disputed strips by the defendants.

13. The court therefore concludes that the defendants have established title to their respective contested strips by adverse possession under color of title. It is therefore unnecessary to consider the question of adverse possession without color of title. Plaintiffs' action in ejectment must therefore fall. It is therefore

ORDERED and ADJUDGED that plaintiffs' amended complaint in ejectment be, and the same is hereby, denied. It is further

ORDERED and ADJUDGED that the respective counterclaims of

the defendants be, and the same are hereby, granted, and title to the respective contested parcels are hereby quieted in the respective defendants. It is further

ORDERED and ADJUDGED that the court hereby retains jurisdiction in this case for the purpose of considering court costs, attorney's fees (if allowed) and in order to further effectuate this order.