HAWKES, J.
This appeal concerns whether Appellees (the Hinsons) had sufficient possessory interest in an eleven-acre parcel of land to bring an action to quiet title and for ejectment against Appellant (Davis). The trial court granted both causes of action, finding the Hinsons were entitled to sole possession of the parcel in question through a legal deed, and ordered Davis to relinquish any possessory claims to the property. We reverse as the Hinsons’ deed to the parcel was invalid; therefore, they had no standing to bring an action to quiet title or for ejectment.

Facts

In March 2010, the Hinsons brought a complaint to quiet title and for ejectment against Davis. The complaint alleged the following timeline of events based on several attached deeds:
• July 1983 — Geraldine Hinsons’ parents recorded a quit-claim deed conveying a tract of approximately 74 acres. The recipients were Geraldine, her six siblings, and several of the siblings’ spouses. The deed named each recipient a tenant in common without a right of survivorship.
• September 1989 — The tenants in common signed a deed conveying an eleven-acre portion of the 74-aere tract to the Hinsons for their exclusive use and possession. At the time it was signed, the deed did not include a description of the exact eleven-acre parcel being conveyed.
• August 1990 — The Hinsons recorded the September 1989 deed. At this time, they attached to the deed a survey describing the exact eleven acres being conveyed. The eleven acres claimed by the Hinsons adjoined a two-acre parcel which they had previously conveyed to Davis.
The complaint went on to allege that Davis had begun to encroach on the boundary separating her two-acre parcel from the Hinsons’ eleven-acre parcel. In particular, Davis had strewn personal property over the boundary line and built a shed straddling the boundary line.
In response to the complaint, Davis claimed the Hinsons lacked standing to bring causes of action to quiet title or for ejectment as they lacked a valid title or possessory interest in the eleven-acre parcel. In particular, Davis argued that not all tenants in common had signed the September 1989 deed, thereby invalidating its conveyance of the eleven acres.
*1110 Following a hearing, the trial court issued an order finding the Hinsons had exclusive title to the eleven-acre parcel. As support, the trial court cited the September 1989 deed. Since the Hinsons had legal title, the court concluded they were entitled to sole possession of the property.
The court went on to state that because the September 1989 deed had been recorded in August 1990, and therefore had been in the records for over twenty years, no claim could be brought to challenge its validity. As authority for this proposition, the court cited section 95.231, Florida Statutes (2010).
Finally, the court found Davis had encroached on 75 feet of the Hinsons’ eleven-acre parcel without obtaining their permission. The trial court emphasized the September 1989 deed gave the Hinsons a superior right to possess this piece of property — as it fell within their eleven acres — and ordered Davis to cease the encroachment and pay damages and costs.

Standard of Review

In this appeal, Davis claims the Hinsons lacked legal standing to bring causes of action to quiet title and for ejectment. Determining whether a party has standing is a pure question of law to be reviewed de novo. See Palm Beach County Envtl. Coalition v. Fla. Dep’t of Envtl. Protection, 14 So.3d 1076, 1077 (Fla. 4th DCA 2009); Alachua County v. Scharps, 855 So.2d 195, 198 (Fla. 1st DCA 2003).

The Hinsons cannot base standing on legal title

To be entitled to recover in an ejectment suit, a plaintiff must show, among other things, that he has a present right to possession. See Demps v. Hogan, 57 Fla. 60, 48 So. 998 (1909); Byrd v. Culver, 376 So.2d 41, 42 (Fla. 4th DCA 1979). A present right to possession may be established in two ways: by demonstrating an enforceable legal title or by showing prior possession (actual or constructive) of the land. See Blitch v. Sapp, 142 Fla. 166, 194 So. 328, 329 (1940); Alford v. Sinclair, 55 So.2d 727, 729 (Fla.1951). When attempting to show enforceable legal title to a particular parcel, a plaintiff may recover only upon the strength of his own title, not the weaknesses of the defendant’s title. See Blitch, 194 So. at 329. This means that even if the defendant has no title to the property at all, a plaintiff cannot recover unless he can demonstrate he holds title and that it is valid. See Alford, 55 So.2d at 729; Blitch, 194 So. at 329-330.
During the proceedings below, the Hinsons successfully argued they had a right to possession based on the deed signed in September 1989.[1] We disagree and find this deed did not give the Hinsons legal title to the eleven-acre parcel for the following two reasons:
First, the deed was not signed by all of the owners of the encompassing 74-acre tract. It is undisputed that one of the original tenants in common died before the September 1989 deed was signed, leaving her interest in the property to her surviving children. One of her children — Rash-unn Lewis — did not sign the deed.[2]
Traditionally, when tenants in common convey interest, they convey only *1111 their interest in the partial ownership of the complete parcel. See Morgan v. Cornell, 939 So.2d 344, 346 (Fla. 2d DCA 2006). “[0]ne cotenant cannot bind another, absent that other’s consent, by alienating any specific portion of the estate, since each cotenant owns an interest in the whole which is indivisible except by partition or agreement.” Elmore v. Elmore, 99 So.2d 265, 266 (Fla.1957). Therefore, a cotenant cannot convey exclusive possesso-ry rights to a specific portion of their property unless every cotenant agrees to the conveyance. Id.
Applying these principles here, the September 1989 deed did not give the Hinsons exclusive possessory rights to the eleven-acre parcel as it was not signed by all cotenants with an interest in the land. Because of this, the deed cannot be used to demonstrate valid legal title.
Second, the deed did not convey valid legal title because, at the time it was signed, it did not include a description of the specific eleven acres being conveyed. “To effect a valid conveyance of real property, a deed or other instrument must describe the property such that it is evident that a particular parcel, and not a different or unspecified one, is to be conveyed.” Mendelson v. Great Western Bank, F.S.B., 712 So.2d 1194, 1196 (Fla. 2d DCA 1998). A deed which contains a description so vague that a surveyor would not be able to locate the land is considered a nullity. See Mitchell v. Thomas, 467 So.2d 326, 328 (Fla. 2d DCA 1985).
Here, at the time the deed was signed, it simply stated “this deed was prepared without benefit of abstract; legal description having been furnished by grantors.” The exact description of the eleven acres in question was not clarified until one year later, when the Hinsons attached a survey at the time of recording. Because the deed lacked an adequate legal description at the time of signing, it must be considered a nullity and did not convey legal title.
The fact that the Hinsons attached a complete description of the eleven acres at the time of recording does not validate the deed. When parties reform a contract, they must demonstrate that it is the intent of each party to incorporate the changes. See Harrod v. Simmons, 143 So.2d 717, 719 (Fla. 2d DCA 1962); see also Baldwin v. Christopher, 75 Fla. 605, 79 So. 339, 342 (1918). There is no evidence in the instant case that the tenants in common each agreed to convey this particular eleven acres to the Hinsons. It does not appear that anyone resigned the deed after the survey was attached. Without evidence of such mutual agreement, the fact that the survey was later attached to the deed does not correct its omission.
Nor does section 95.231(2), Florida Statutes (2010), cure the deed’s defects. The trial court relied on this provision during the proceedings below to address any concerns with the validity of the Hin-sons’ title. The provision states:
After 20 years from the recording of a deed or the probate of a will purporting to convey real property, no person shall assert any claim to the property against the claimants under the deed or will or their successors in title.
The trial court found that because the September 1989 deed was recorded in August 1990, and over twenty years had passed since its recording date, Davis was prohibited from contesting its validity. The trial court misjudged this provision’s intended effect.
Section 95.231(2) is a curative provision. However, its curative effect extends only to correct technical defects in an otherwise valid deed executed by the person(s) owning the property in question. *1112 See Holland v. Hattaway, 438 So.2d 456, 461-62 (Fla. 5th DCA 1983); Whaley v. Wotring, 225 So.2d 177, 181 (Fla. 1st DCA 1969); Foremost Props., Inc. v. Gladman, 100 So.2d 669, 672 (Fla. 1st DCA 1958). It cannot validate conveyances made by persons who have no possessory interest in the property. See Holland, 438 So.2d at 461-62. In other words, it cannot be used to create a title where none existed before. Id.
Here, it seems that section 95.231(2) could cure the deed’s failure to adequately describe the specific eleven acres being conveyed. This was a mere “technical” defect. But the provision cannot cure the deed’s failure to include Rashunn Lewis’ signature on the list of grantors. This was not a “technical” defect, but a failure in the chain of title. To find otherwise would mean section 95.231(2) could validate titles in every case where property is conveyed without the full cooperation and agreement of the actual owner. The provision was not meant to apply in such situations, and therefore is inapplicable in this case.

Conclusion

Given the foregoing, the Hinsons have not demonstrated standing to bring the underlying causes of action on the basis of legal title to the land. The trial court’s finding that they obtained legal title through the September 1989 deed was incorrect, and it should have dismissed the case instead of granting the Hinsons their requested relief. We therefore REVERSE and REMAND for proceedings in accord with this opinion.
THOMAS and ROBERTS, JJ., concur.

. On appeal and for the first time, the Hin-sons raise a claim for adverse possession under "color of title.” We have reviewed this claim and find it unpersuasive. Because it was not properly preserved, it will not be discussed here.

. Apparently Lewis did not sign the deed as he was too young. No legal representatives were found to sign it in his place.